UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN E. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1731 RWR |
| | ) |
| MARGARET SPELLINGS, | ) |
| Secretary of Education, | ) |
| | ) |
| Defendant. | ) |

JOINT LOCAL RULE 16.3(c) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's January 4, 2008 Order for Initial Scheduling Conference, the Parties submit the following report.

Plaintiff's Statement of the Case

This is an action seeking review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board") in a "mixed case" pursuant to 5 U.S.C. § 7703(b)(2) which alleges discrimination on the bases of race (African American) and reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

Plaintiff submits that the Decision of the Board on her appeal of the defendant's constructive denial of her Within Grade Increase ("WIGI") is not supported by substantial evidence and that the Board's Decision that Plaintiff had not proven her affirmative defenses of discrimination and retaliation is not

1

supported by preponderant evidence. The Board's decision ignored the fact that at the hearing five of Plaintiff's current and former subordinates testified without contradiction that Plaintiff's white supervisor's (Catherine Schagh's) allegations concerning Plaintiff's performance were false and that she did not treat Plaintiff's white colleague in a similar manner.

Plaintiff submits that because or her race (African American) and in reprisal for her claiming discrimination, defendant placed unsubstantiated negative comments in her performance appraisal (Education Department Performance Appraisal System or "EDPAS") for the rating period May 1, 2005, through April 30, 2006; that defendant gave her a "minimally successful" rating for "Management and Leadership" in her EDPAS rating for rating period May 1, 2005, through April 30, 2006; that defendant applied the EDPAS performance standards to her in a different manner than they were applied to her white colleague; that she was not given the required mid-year progress review; that she was not provided feedback or training during rating period May 1, 2005, through April 30, 2006, to assist her in improving her allegedly unsatisfactory performance; and that defendant constructively denied her WIGI due on or about June 26, 2006.

Plaintiff submits that because of her race (African American) and in reprisal for her allegations of discrimination,

on January 16, 2007, Defendant gave her a "minimally successful" rating for Critical Element III "Management and Leadership" in her EDPAS rating for rating period July 7, 2006 to November 7, 2006; that defendant applied the EDPAS performance standards to her in a different manner than they were applied to her white colleagues; that she was not given the required mid-year progress review; that she was not provided feedback or training during rating period July 7, 2006, to November 7, 2006, to assist her in improving her allegedly unsatisfactory performance; and that Defendant denied her appropriate awards..

Further, Plaintiff submits that on September 27, 2007, in reprisal for her allegations of discrimination, Defendant denied her WIGI which was due on or about June 26, 2007; and that in reprisal for her allegations of discrimination on October 26, 2007, Defendant gave her a "minimally successful" rating for Critical Element III "Management and Leadership" in her EDPAS rating for rating period October 1, 2006 to September 30, 2007; that Defendant applied the EDPAS performance standards to her in a different manner than they were applied to her white colleagues; that she was not given the required mid-year progress review; that she was not provided feedback or training during the rating period to assist her in improving her allegedly unsatisfactory performance; and that defendant denied her appropriate awards.

<u>Defendant's Statement of Case</u>

This is an action seeking review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board") in a mixed case" pursuant to 5 U.S.C. § 7703(b)(2) and alleging discrimination on the bases of race (African American) and reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>.  An MSPB Administrative Judge ("AJ") held an administrative hearing on June 11 and 12, 2007 on the constructively denied Plaintiff's Within-Grade Increase ("WIGI") promotion (of June 26, 2006). The AJ issued an initial decision on August 16, 2007, sustaining the Defendant's determination to deny Plaintiff a WIGI and finding that Plaintiff did not show the Defendant's action was based on harmful procedural error or discriminatory or retaliatory animus.  On September 20, 2007, the AJ's initial decision became the final decision of the Board.

Defendant submits that the Board's Initial Decision on Plaintiff's appeal of the Defendant's constructive denial of the WIGI was supported by substantial evidence and that the Board's Initial Decision correctly affirmed the WIGI denial.  Defendant did constructively deny plaintiff's WIGI (since June 26, 2006); however, it took such action based, not on Plaintiff's race or due to her prior protected EEO activities, but on the minimally successful rating earned by Plaintiff in the area of Leadership

4

and Management. Defendant contends that substantial evidence does exist to support the Defendant's belief and basis that Plaintiff was faltering as a supervisor, see 5 U.S.C. § 7701(c)(1)(A), and that it is the employee's burden to show that she was performing at the fully successful level to be qualified and eligible for a WIGI promotion. A WIGI may only be granted if an employee's performance is at an acceptable level of competence. See 5 C.F.R. § 531.404(a) (2005). Thus, this claim is subject to resolution in favor of Defendant by way of a dispositive motion.

Plaintiff's rating official, Catherine Schagh, Director, Impact Aid Program, concluded that Plaintiff was deficient in this particular area due to reliable observations of others and observations of her own. During the rating period (May 1, 2005 to April 30, 2006), Defendant did not apply the rating standards differently based on a subordinate employee's race or prior protected activity.

On October 26, 2007, Ms. Schagh issued Plaintiff a "minimally successful" rating for the area of Critical Element III "Management and Leadership" for the October 1, 2006 to September 30, 2007 rating period. Ms. Schagh did so because Plaintiff continued to perform below the fully successful levels in those critical areas as a supervisor.

Local Rule 16.3(c) Points
===

With regard to the numbered paragraphs of Local Rule 16.3(c), the parties report as follows:

> 1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has been already filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Plaintiff submits that this case cannot be disposed of by dispositive motion and that there are clearly significant issues of material fact in dispute. Plaintiff further submits that in a "mixed case," which this is, all factual issues arising from Plaintiff's Title VII claims with respect to discrimination and retaliation are to be subject to a jury trial, while the issues concerning the MSPB's decision are reviewable by the district court judge. Plaintiff also contends that it is well settled that where there is an overlap or there are common facts in both the discrimination case and in the Title 5 case, the findings of fact by the jury on those common facts are binding on the district court judge.

Defendant does not agree with Plaintiff on these issues and submits that all or part of this case will be resolved by dispositive motion. At the administrative level before the Merit Systems Protection Board, formal, compulsory discovery was conducted. The claims of harmful procedural error, discrimination and reprisal were scrutinized and adjudicated in

a two-day evidentiary hearing.  Defendant posits that, based on the record, dismissal of the retaliation claim is possible, given evidence that the Agency's initial determination to rate Plaintiff as it did was made before Plaintiff sought the requisite EEO counseling. and well before the agency officials became aware of Plaintiff's protected EEO activities.  On the issue of harmful procedural error, Defendant submits that Plaintiff is not able to show that the MSPB's application of law, as applied below, was incorrect.  Defendant further asserts that, as to any claims relating to discrimination, Plaintiff lacks comparators or proof that the manner in which the Agency treated her was related to racial animus.  Defendant, therefore, anticipates the filing of a single dispositive motion after discovery which would address both the harmful error claim and the Title VII claim of disparate treatment and reprisal.

> 2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties do not believe at this time that other parties will be joined. Plaintiff does not believe that the issues can be narrowed.  Plaintiff anticipates filing a motion to amend the complaint to add an issue with respect to defendant's 2006-2007 "minimally successful" EDPAS rating on May 25, 2008; 180 days after her filing of a formal complaint of discrimination and reprisal  on this issue at the administrative level.

Defendant believes that the legal issues can be narrowed through a dispositive motion or partially dispositive motion but proposes to do so following at least some discovery as described above.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties do not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

4. Whether there is a realistic possibility of settling the case.

Plaintiff and Defendant both believe there is some possibility of settlement in the case, but believe that the chances are increased the earlier the efforts are undertaken.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties believe that this action could benefit from ADR at this time, in that substantial discovery and development of certain issues has been conducted in the administrative proceedings between the parties.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.

Plaintiff does not believe this matter can be resolved by summary judgment or a motion to dismiss. See ¶ 1 supra.

Defendant submits that all or part of this action can be resolved by dispositive motion. Defendant proposes that any such motion be filed within 60 days following the close of the discovery period, with any Opposition filed no later than 30 days from the filing of the dispositive motion, and any Reply filed within 15 days from the service of the Opposition.

> 7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 10, 2008.

> 8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.

The parties propose that discovery should begin upon the later of: 1) completion of any ADR in the case or 2) entry of a scheduling order by the Court. The parties believe that discovery should last 120 days, but reserve the right to seek additional time should the Court grant Plaintiff the opportunity to amend the complaint at a later time. If a protective order is necessary, such as one pursuant to the Privacy Act, 5 U.S.C. § 552(b)(11), the Parties propose to attempt to reach agreement on the language for a stipulated protective order for the

Court's signature, but reserve the right to file a motion for protective order if an agreement cannot be reached.

> 9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties do not anticipate that expert testimony will be utilized in the case, but propose the following dates for the exchange of expert reports should experts be deemed advisable: Plaintiff shall provide any expert reports consistent with Fed. R. Civ. P. 26(a)(2) on or before March 31, 2008; Defendant shall provide any expert reports within 45 days of service of Plaintiff's expert report.

> 10. In class actions, . . .

This provision is not applicable.

> 11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that it is unnecessary to bifurcate or manage the trial in phases at this time, although Defendant does not concede that a jury trial should involve the claim under 5 U.S.C. § 7703(b)(2).

> 12. The date for the pretrial conference (understanding that trial will take place 30 to 60 days thereafter).

The parties agree that the Court should set the date for the pretrial conference after ruling on dispositive motions.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that the appropriate time for setting of a firm trial date will be at any pretrial conference, which should be establishes after a ruling on any dispositive motions.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully Submitted,

_/s/_
JUNE D.W. KALIJARVI, ESQ.
DC Bar #183863
Kalijarvi, Chuzi & Newman
1901 L Street, N.W.
Suite 610
Washington, DC  20036
(202) 331-9260

JEFFREY A. TAYLOR, DC Bar#498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar#434122
Assistant United States Attorney

_/s/_
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

11

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ROBIN E. ROBINSON,               )
                                 )
         Plaintiff,              )
                                 )
    v.                           )Civil Action No. 07-1731 RWR
                                 )
MARGARET SPELLINGS,              )
   Secretary of Education,       )
                                 )
         Defendant.              )
_____)
```

SCHEDULING ORDER

Upon consideration of the representations made in court by the parties at the February 8, 2008, initial scheduling conference, it is hereby

ORDERED that this case will proceed with the following deadlines:

    The case shall be referred to the Court's Alternative Dispute Resolution ("ADR") program as of March 31, 2008.

    Initial Disclosures to be exchanged:   March 10, 2008

    Plaintiff's expert witness designation: March 31, 2008

    Defendant's expert witness designation: May 15, 2008

    Discovery shall be completed within 120 days after the conclusion of ADR.

    Dispositive motions shall be filed on or before 60 days after the close of discovery; oppositions to any dispositive motions shall be filed within 30 days of service of the motion; and any reply shall be filed within 20 days of the service of the opposition.

    2.   Each side is limited to a maximum of 5 depositions and each party is limited to a maximum of 25 interrogatories.

3.  The post-discovery status conference will be scheduled for a date and time after the Court has ruled on any dispositive motions. If settlement is not reached, a pretrial conference and trial date will be selected.

SIGNED this _____ day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

JUNE D.W. KALIJARVI, ESQ.
Kalijarvi, Chuzi & Newman
1901 L Street, N.W.
Suite 610
Washington, DC  20036
(202) 331-9260


W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230