IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN E. ROBINSON<br>14608 Debenham Way<br>Bowie, Maryland 20721<br>TEL: (301) 390-2386<br><br>    Plaintiff,<br><br>v.<br><br><br><br>MARGARET SPELLINGS<br>in her official capacity as<br>SECRETARY OF EDUCATION<br>U.S. Department of Education<br>Room 7W301<br>400 Maryland Avenue, S.W.<br>Washington, D.C. 20202-1510<br>TEL: (202) 401-3000<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.1:07-cv-<br>)            01731<br>) (D.J. Roberts, Richard W.)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        SECOND AMENDED COMPLAINT FOR REVIEW
        OF A DECISION BY THE MERIT SYSTEMS
        PROTECTION BOARD IN A MIXED CASE AND
        FOR RELIEF FROM DISCRIMINATION IN
        <u>FEDERAL EMPLOYMENT</u>

    I.    <u>NATURE OF CLAIMS</u>

    1.    This is an action seeking review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board") in a "mixed case" pursuant to 5 U.S.C. § 7703((b)(2) and alleging discrimination on the bases of race (African American) and reprisal in

Exhibit A
Robinson v. Spellings
CA No.1:07-cv-01731

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e **et seq**.

2. Plaintiff claims, first, that the Initial Decision of the Board on her appeal of the defendant's constructive denial of her Within Grade Increase (WIGI) is not supported by substantial evidence. The Board's Initial Decision erroneously affirmed the Within Grade Increase denial and found that Plaintiff had not proven her affirmative defenses of discrimination, retaliation, harmful procedural error and violations of law and regulation.

3. Plaintiff claims, second, that because of her race (African American) and in reprisal for her allegations of discrimination, defendant constructively denied her WIGI and took other adverse actions against her. Specifically, Plaintiff claims that because or her race (African American) and in reprisal for her claiming discrimination, defendant placed unsubstantiated negative comments in her performance appraisal (Education Department Performance Appraisal System or "EDPAS") for rating period May 1, 2005, through April 30, 2006; that defendant gave her a "minimally successful" rating for Critical Element III "Management and Leadership" in her EDPAS rating for rating period May 1, 2005, through April 30, 2006; that defendant applied the EDPAS performance standards to her in a different manner than they were applied to her white colleagues; that she was not given the required mid-year progress review; that she was not provided feedback or

training during rating period May 1, 2005, through April 30, 2006, to assist her in improving her allegedly unsatisfactory performance; and that defendant constructively denied her WIGI due on or about June 26, 2006. As a result Plaintiff claims as relief a retroactive WIGI effective on or about June 26, 2006; retroactive back pay plus interest; compensatory damages; and attorneys' fees and costs.

4. Plaintiff claims, third, that because of her race (African American) and in reprisal for her allegations of discrimination, on January 16, 2007, defendant gave her a "minimally successful" rating for Critical Element III "Management and Leadership" in her EDPAS rating for rating period July 7, 2006 to November 7, 2006; that defendant applied the EDPAS performance standards to her in a different manner than they were applied to her white colleagues; that she was not given the required mid-year progress review; that she was not provided feedback or training during rating period July 7, 2006, to November 7, 2006, to assist her in improving her allegedly unsatisfactory performance; and that defendant denied her appropriate awards. As a result Plaintiff claims relief including expungement of the "minimally successful" rating; a retroactive award; compensatory damages; and attorneys' fees and costs.

5. Plaintiff claims, fourth, that in reprisal for her allegations of discrimination, on September 27, 2007, defendant

denied her WIGI which was due on or about June 26, 2007. As a result Plaintiff claims as relief a retroactive WIGI effective on or about June 26, 2007; retroactive back pay plus interest; compensatory damages; and attorneys' fees and costs.

6. Plaintiff claims, fifth, that in reprisal for her allegations of discrimination on October 26, 2007, defendant gave her a "minimally successful" rating for Critical Element III "Management and Leadership" in her EDPAS rating for rating period October 1, 2006 to September 30, 2007; that defendant applied the EDPAS performance standards to her in a different manner than they were applied to her white colleagues; that she was not given the required mid-year progress review; that she was not provided feedback or training during the rating period to assist her in improving her allegedly unsatisfactory performance; that defendant denied her appropriate awards; and that she was placed on a "Performance Assistance Plan." As a result Plaintiff claims relief including expungement of the "minimally successful" rating; a retroactive award; compensatory damages; and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction to review a final decision in a "mixed case" pursuant to 5 U.S.C. § 7703(b)(2).

8. This Court has jurisdiction over Plaintiff's claims of discrimination and retaliation pursuant to 42 U.S.C. § 2000e-16(c).

9. Venue is appropriate in this Court because defendant's place of business is located in the District of Columbia; the material acts complained of occurred in the District of Columbia; and the employment records and agency records are maintained in the District of Columbia.

### III. DESCRIPTION OF THE PARTIES

10. Plaintiff is an African American female. Plaintiff is a citizen of the United States and a resident of the state of Maryland. At all times relevant to this Complaint, Plaintiff was employed by defendant.

11. Defendant Margaret Spellings is the Secretary of Education and is sued in her official capacity only. As head of the federal department in which Plaintiff is employed and in which the actions complained of herein arose, defendant is the only appropriately named defendant. 5 U.S.C. § 7703(b)(2); 42 U.S.C. § 2000e-16(c).

### IV. STATEMENT OF FACTS

12. Plaintiff received a Bachelor of Science degree in Education from Boston University in 1975, a Masters of Education in Special Education from Northeastern University in 1979, and a Masters of Science in Management with a speciality in Procurement and Contracts from the University of Maryland University College in 2002. Prior to joining the federal government Plaintiff was employed as a special education teacher and/or administrator in the

Boston and District of Columbia public school systems and as an administrator in private contracting firms. Prior to joining the federal government, Plaintiff held many supervisory positions, including during the period of August, 1983 through August, 1985, when she served as Department Head of Special Education for a large Boston high school. In that position Plaintiff successfully supervised approximately 25 teachers, aides, psychologists and social workers, and was responsible for the individual educational plans for over 300 special education students.

13. Between October, 1998 and November, 2000, Plaintiff was employed by the Department of Defense Education Activity as a GS-1701-13 Education Support Specialist/Education Program Manager. From November, 2000 until June, 2005, Plaintiff was employed by the Department of Defense as a GS-0343-14 Program Analyst, in the Educational Opportunities Directorate/Military Community and Family Policy/Office of the Under Secretary of Defense for Personnel and Readiness working with DOD's Impact Aid programs. During her employment by the Department of Defense, Plaintiff's performance always was evaluated at the highest possible level.

14. Plaintiff's employment with Defendant agency commenced on June 27, 2005, as a GS-343-15 Supervisory Management and Program Analyst/Group Leader, Program Operations Group, Impact Aid Program, Office of Elementary and Secondary Education, Department of Education. Plaintiff's supervisor was (and is) Catherine Schagh

(white), also a grade 15. In addition to Plaintiff, there was (and is) a counter-part Group Leader, Marilyn Hall (white), also a grade 15, who supervises the Program Support Group. Ms. Hall also was appointed to the Group Leader position on or about June 27, 2005.

15. As new supervisors Plaintiff and Ms. Hall were required to complete a one year probationary period from June 27, 2005 to June 26, 2006. The waiting period for Plaintiff's WIGI also was from June 27, 2005 to June 26, 2006. Plaintiff's appraisal cycle for her first year of employment was from May 1, 2005 through April 30, 2006. Defendant's regulations required Plaintiff's supervisor and Plaintiff to develop performance standards (Education Department Performance Appraisal System or EDPAS) within 30 calendar days of Plaintiff assuming the position. In actuality, Plaintiff was given the EDPAS standards to sign on August 3, 2005, and she did not receive a copy of the signed EDPAS agreement until June 21, 2006.

16. Defendant's regulations required Plaintiff's supervisor to hold a mid-point review on or before November 26, 2006 - no more than 30 calendar days after the mid-point of the employee's appraisal cycle. Alternatively, if defendant considered the mid-point review to be at the mid-point of the employee's actual period of employment, Plaintiff should have received a mid-point review on or before January 26, 2006. In late 2005 or early 2006, Plaintiff requested a mid-year evaluation, but one was not held. Further, at no point prior to March 24, 2006 did Plaintiff's first-level

supervisor, Ms. Schagh, initiate the progress review required to be held if she considered Plaintiff's performance to have fallen below the Fully Successful level. Ms. Schagh, however, did hold a mid-year progress review with Plaintiff's colleague, Marilyn Hall.

17. From the beginning of Plaintiff's employment as Group Leader, Ms. Schagh did not allow Plaintiff to perform the duties of her supervisory position independently. Ms. Schagh did not allow Plaintiff to hold staff meetings with her employees without Ms. Schagh's presence and Ms. Schagh did not allow Plaintiff to supervise her employees. On the other hand, Ms. Schagh did allow Ms. Hall (white) to perform her duties without Ms. Schagh's interference.

18. For most of November, 2005 through April, 2006, Ms. Hall was absent from the office on extended sick leave. Ms. Schagh was very generous to Ms. Hall in granting leave, allowing her to work from home, and allowing her to supervise her staff from home despite the fact that agency regulations and/or policy do not allow supervisors to work from home on an extended basis. Indeed, Ms. Schagh personally supervised Ms. Hall's staff to ensure that the work of her group was accomplished. During this same time period Plaintiff's father, for whom she was the sole care-provider, became extremely ill and was hospitalized on numerous occasions. Despite the fact that Ms. Schagh was aware that Plaintiff's father was hospitalized and required Plaintiff's attendance at the hospital,

Ms. Schagh did not make the same generous allowances for Ms. Robinson's absences and/or the effects of her father's illness and subsequent death on Plaintiff.

19. In March, 2006 Ms. Schagh began interviewing some of Plaintiff's staff in an attempt to uncover problems with Plaintiff's supervision of them. Virtually all of Plaintiff's employees who were interviewed advised Ms. Schagh that they had no problems with Plaintiff's supervision. Ms. Schagh asked one member of Plaintiff's staff, (Barbara Chase, African American, GS-13, Senior Program Analyst), if she was retiring in late March, 2006 because of Ms. Robinson's supervision. Ms. Chase stated she was not; that morale in the Impact Aid office had been terrible long before Plaintiff arrived; and that Plaintiff was very professional and a very good supervisor. Ms. Schagh did not interview all of Plaintiff's subordinates, specifically excluding one of her most senior employees (Peter Fuscass, white male) who opined that Plaintiff was a "wonderful" supervisor and "one of the best supervisors [he] had ever had, hands down." Ms. Schagh did not interview Ms. Hall's subordinates concerning Ms. Hall's supervision of them – or lack thereof.

20. On or about March 24, 2006, Plaintiff's supervisor orally advised Plaintiff that Ms. Schagh was placing Plaintiff on a 60-day "probationary period" until May 24, 2006, to improve her performance. Ms. Schagh did not give Plaintiff any formal notice

concerning performance deficiencies, nor did she issue Plaintiff a written notice of her intent to delay or deny her Within Grade Increase, nor did she issue Plaintiff a notice of opportunity to improve or a performance improvement plan, nor, as noted above, did Ms. Schagh conduct a mid-point performance appraisal of Plaintiff's performance as required by Defendant's regulations. Further, Ms. Schagh never provided Plaintiff the reason(s) she did not provide a mid-point review of Plaintiff's performance within the required time frame.

21. On May 24, 2006, Plaintiff submitted a list of her performance accomplishments to Ms. Schagh for Ms. Schagh's use in preparing Plaintiff's EDPAS rating for the period June 26, 2005 through April 30 (or May 24), 2006. In her list of performance accomplishments Plaintiff spelled out in great detail her accomplishments under the "Management and Leadership" performance element. (Ms. Schagh did not advise Plaintiff on or after May 24, 2006, concerning her determination with respect to the Acceptable Level of Competence (ALOC) affecting Plaintiff's WIGI due on June 26, 2006, although she was required to by regulation; Despite the lack of notice Plaintiff never received the WIGI). Effective June 26, 2006, Plaintiff successfully completed her probationary year as a supervisor and became a permanent supervisor.

22. On July 6, 2006, Ms. Schagh gave Plaintiff a "Minimally Successful" rating for the rating period May 1, 2005 (June 26, 2005)

through April 30, 2006. The basis for this rating was alleged interpersonal and supervisory problems for which Ms. Schagh evaluated Plaintiff as "Minimally Successful" under Critical Element III "Management and Leadership."[1] Ms. Schagh completely ignored Plaintiff's list of performance accomplishments in preparing the evaluation. Subsequently, Plaintiff met with her first and second level supervisors, Ms. Schagh and Ms. Lim, and asked if she would receive the WIGI due June 26, 2006. Plaintiff was advised that she would not. Plaintiff's supervisors failed to advise of her right to request reconsideration of the negative ALOC determination. At or about the same time, Ms. Schagh determined that Ms. Hall had successfully completed her probationary year as a supervisor. This determination was made despite the fact that Ms. Hall had not been able to perform her supervisory duties due to her extended sick leave between November, 2005 and April, 2006  Ms. Schagh rated Ms. Hall as "Fully Successful" in Critical Element III "Management and Leadership.

---

[1] It should be noted that the "Minimally Successful" rating given Plaintiff on July 6, 2006 is internally inconsistent. Ms. Schagh rated Plaintiff "Highly Successful" ("4") in the performance elements "Manage the monitoring and technical assistance activities of the Program Operations Group," "Willingly complete assigned share of office workload; adapt to changing assignments, priorities, and responsibilities," and "Attend and participate in Impact Aid Program staff meetings," but "Minimally Successful" for "Management and Leadership."

23. On June 6, 2006, defendant gave Plaintiff a new EDPAS Performance Plan for Supervisors for the rating period May 1, 2006, through April 30, 2007. Effective September 5, 2006, defendant implemented a new "Education Agency Performance Appraisal System (EDPAS)" (PMI-430-2) which changed the annual rating period to October 1 through September 30.

24. On January 16, 2007, defendant gave Plaintiff a second "Minimally Successful" rating for rating period July 7, 2006 through November 7, 2006. This rating was signed by Plaintiff's first and second-level supervisors on December 13, 2006.[2] Again defendant did not hold a mid-point review to discuss Plaintiff's performance. In mid-December, 2006, Plaintiff had inquired of her supervisor as to the status of her performance and was advised that her supervisor had not completed her performance evaluation. With respect to the second "Minimally Successful" rating given Plaintiff on January 16, 2007, defendant again did not comply with the requirements of agency regulation PMI-430-2 to meet with Plaintiff to discuss ways to improve her allegedly Minimally Successful performance and/or initiate assistance to do so with the required 30 calendar days for either appraisal period. Further, defendant based the "Minimally Successful" rating of Plaintiff in Critical Element III (Management

---

[2]The EDPAS form states that the "Rating Period" is "5/1/06-4/30/07;" however, Ms. Schagh has handwritten the dates "7/7/2006-11/7/2006." It is unclear, and Complainant has not been told, the significance of the new dates.

and Leadership) on allegations that a "staff meeting that [Plaintiff] conducted during this rating period was disorganized and out of control" and that "this was typical of staff meetings that [Plaintiff] conducts." Both allegations are false, a fact of which defendant was made aware by Plaintiff's employees.

25. In April and May, 2007, defendant advertised two positions to serve as Assistant Group Leader to Plaintiff and her white counterpart Group Leader. Defendant allowed the white Group Leader to select the applicant ranked first by her; however, defendant refused to allow Plaintiff to select any of her top-ranked applicants and selected an unqualified applicant.

26. On September 27, 2007, defendant advised Plaintiff that her WIGI increase due on or about June 24, 2007, was being withheld based on the "Minimally Successful" rating given to Plaintiff on January 16, 2007 for the rating period July 7, 2006 through November 7, 2006. On October 22, 2007, Plaintiff requested reconsideration of the denial of the WIGI. To date defendant has not issued a decision with respect to Plaintiff's request for reconsideration.

27. On October 26, 2007, defendant gave Plaintiff a third "Minimally Successful" performance rating for the rating period October 1, 2006 through September 30, 2007. Again defendant based this rating on Plaintiff's allegedly "Minimally Successful" performance in Critical Element III (Management and Supervision).

28. On April 24, 2008, defendant placed Plaintiff on a "Performance Assistance Plan" identifying various alleged performance deficiencies and required actions for Plaintiff.

### V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

29. Plaintiff timely initiated EEO counseling regarding to Ms. Schagh's allegation that her supervisory performance was unacceptable on March 6, 2006, again on March 13, 2006, and again on March 20, 2006. Plaintiff filed a timely formal complaint of discrimination and retaliation on July 12, 2006, with respect to the "minimally successful" rating in Critical Element III; the denial of the WIGI; and related matters. Defendant conducted an investigation and Plaintiff timely requested a hearing before the Equal Employment Opportunity Commission (EEOC). On November 14, 2006, Plaintiff requested reconsideration of defendant's verbal denial of her WIGI on or about July 5, 2007. Defendant never responded to this request. The EEOC took jurisdiction over this matter on January 19, 2007. On January 22, 2007, Plaintiff timely filed an appeal of the denial of her WIGI with the U.S. Merit Systems Protection Board ("MSPB"). On January 29, 2007, Plaintiff filed a Motion to Amend and Consolidate with the EEOC to add an additional claim that defendant retaliated against her when on January 16, 2007, it gave her the second minimally successful rating for the rating period July 7, 2006 through November 7, 2006, and with respect to defendant's failure to hold a mid-year performance review for that

rating period. Plaintiff also timely initiated an informal EEO complaint with respect these issues. On January 30, 2007, the MSPB issued an Acknowledgment Order with respect to Plaintiff's appeal of defendant's denial of her WIGI. On March 2, 2007, defendant filed a Motion For Abeyance with the EEOC to hold the EEOC proceedings in abeyance until the MSPB ruled on the mixed case appeal of the denial of the WIGI. On March 15, 2007, the EEOC issued an Order granting the agency's motion to hold the EEOC case in abeyance pending the outcome of the MSPB mixed case appeal. On April 27, 2007, Plaintiff timely filed a formal EEO complaint with respect to the second "minimally successful" rating in Critical Element III given her on January 16, 2007; the denial of the WIGI; and related matters. On May 24, 2007, Plaintiff timely initiated EEO counseling with respect to defendant's refusal to allow her to select her choice of applicant for the Assistant Group Leader position.

30. After Plaintiff conducted discovery,[3] the MSPB held a hearing on June 11 and 12, 2007. On August 16, 2007, the MSPB issued an Initial Decision (ID) that defendant had proven by substantial evidence that Plaintiff had failed to perform at an acceptable level of competence (based on the "Minimally Successful" rating in Critical Element II "Management and Leadership") and, thus, properly denied Plaintiff a WIGI. The MSPB also held that

---

[3] Defendant did not conduct discovery at the MSPB as defendant failed to file timely discovery requests.

Plaintiff had failed to prove by preponderant evidence her affirmative defenses of discrimination, retaliation and harmful procedural error or errors of law. The MSPB's Initial Decision became final on September 20, 2007. This complaint is timely filed in U.S. District Court within thirty (30) calendar days of the date the ID became final. 5 U.S.C. § 7703(b)(2); 42 U.S.C. § 2000e-16(c). Accordingly, Plaintiff has exhausted her administrative remedies, and the claims set forth herein, that the MSPB's decision affirming defendant's denial of Plaintiff's WIGI is not supported by substantial evidence and that defendant discriminated and retaliated against Plaintiff, may be raised in this civil action.

31. On October 11, 2007, defendant issued a Final Agency Decision dismissing Plaintiff's formal complaint of discrimination and reprisal, which was filed with defendant on April 27, 2007, because the issues raised therein are the bases of this action filed in United States District Court pursuant to 29 C.F.R. § 1614.107(a)(3). This complaint is amended within the required 90 calendar days to raise the issues raised in Plaintiff's formal complaint filed on April 27, 2007, and amended on May 24, 2007. Accordingly Plaintiff has exhausted her administrative remedies with respect to those claims and they may be raised in this civil action.

32. Finally, on November 9, 2007, Plaintiff filed a formal EEO complaint based on the "Minimally Successful" rating Defendant gave to Plaintiff on October 26, 2007 and the denial of her second Within

Grade Increase on September 27, 2007. Both claims were accepted by the Agency for investigation. One hundred and eighty days have elapsed since Complainant has filed her formal administrative complaint, entitling Plaintiff to file said complaint in United State District Court pursuant to 42 U.S.C. § 2000(e)-16(c). Accordingly, Plaintiff has exhausted her administrative remedies with respect to those claims and they may be raised in this civil action.

33. Plaintiff is not required to exhaust her administrative remedies with respect to her claims of retaliation after filing suit in this court.

VI. **STATEMENT OF CLAIM**

COUNT 1   (The MSPB's Decision Is Not Supported By Substantial Evidence)

34. Plaintiff repeats and realleges the statements contained in paragraphs 12 through 33 as though fully set forth herein.

35. The MSPB's decision affirming defendant's denial of Plaintiff's WIGI is not supported by substantial evidence.

**COUNT II** (Race Discrimination)

36. Plaintiff repeats and realleges the statements contained in paragraphs 12 through 33 as though fully set forth herein.

37. Defendant has discriminated against Plaintiff because of her race (African American) in violation of Title VII of the Civil Rights Act, as amended.

**COUNT III (Retaliation)**

38. Plaintiff repeats and realleges the statements contained in paragraphs 12 through 33 as though fully set forth herein.

39. Defendant has retaliated against Plaintiff for exercising her right to oppose discrimination in violation of Title VII of the Civil Rights Act, as amended.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this honorable Court grant her the following relief:

a. Declare that the MSPB's decision affirming defendant's denial of Plaintiff's WIGI is not supported by substantial evidence;

b. Declare that defendant discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act, as amended;

c. Enjoin defendant from further acts of discrimination and retaliation;

d. Order defendant to grant Plaintiff' WIGI retroactive to June 27, 2006, with appropriate back pay plus interest and other benefits to make her whole;

e. Order defendant to grant Plaintiff' WIGI retroactive to June 27, 2007, with appropriate back pay plus interest and other benefits to make her whole;

f. Award Plaintiff compensatory damages in the amount of $300,000, in compensation for the damages she has suffered to make her whole;

g. Award Plaintiff reasonable attorneys' fees and costs;

h. Award Plaintiff all other legal and equitable relief to which she may be entitled to make her whole.

### JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

Respectfully submitted,

_/s/ June CQ_
June D.W. Kalijarvi, Esq.
D.C. Bar Number 183863
Kalijarvi, Chuzi, & Newman, P.C.
1901 L Street, N.W.
Suite 610
Washington, DC 20036
(202) 331-9260
FAX: 202/331-9261
Attorneys for Plaintiff

**Cc:** Annette M. Labiano
**Subject:** RE: Robin Robinson v. Dept. Ed.

We consent, but wonder whether it would be a supplemental pleading under Rule 15(d).

H.B.

---

**From:** June Kalijarvi [mailto:jkalijarvi@kcnlaw.com]
**Sent:** Monday, May 12, 2008 2:06 PM
**To:** Roback, Harry (USADC)
**Cc:** Annette M. Labiano
**Subject:** Robin Robinson v. Dept. Ed.

Mr. Roback-I am writing-pursuant to FRCP 15(a)(2) to seek the agency's consent to amend the complaint to include the third Minimally Successful rating given Plaintifff in October 2007 about which she filed a formal EEO complaint on N ovember 9, 2007, which was accepted by the agency. The 180 day limit for conducting the investigation expires on May 25, 2008, and thus we can file in USDCt on May 27, 2008. Your predecessor, Mr. Nebeker agreed that we could amend to add this issue during our discussions preparing the 16.3 statement. If you agree I will file a Second Amended Complaint on or about May 27, 2008. Thank you for your consideration in this matter.

*June D.W. Kalijarvi*
KALIJARVI, CHUZI & NEWMAN, PC
1901 L Street, NW
Suite 610
Washington, DC   20036
202/331-9260 p
202/331-9261 f

5/22/2008

Exhibit B
Robinson v. Spellings
CA No.1:07-cv-01731