UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

_____

ROBIN E. ROBINSON,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    Civil Action No. 07-1731 RWR
                                  )
MARGARET SPELLINGS,               )
   Secretary of Education,        )
                                  )
            Defendant.            )
_____   )

ANSWER TO SECOND AMENDED COMPLAINT

Defendant Margaret Spellings, Secretary, United States Department of Education, by her undersigned attorneys, hereby answers the Second Amended Complaint as follows:

FIRST DEFENSE

Many, if not all, of Plaintiff's allegations fail to state a claim upon which relief can be granted by the Court.

SECOND DEFENSE

To the extent that Plaintiff has failed timely and properly to present her claims through the agency's administrative remedy process and to initiate this action, she has failed timely to exhaust administrative remedies and to satisfy the applicable limitations period.

THIRD DEFENSE

The following paragraphs respond to the numbered paragraphs of the Second Amended Complaint.

## I. NATURE OF CLAIMS[1]

1. This paragraph is Plaintiff's characterization of her lawsuit and, as such, needs no response. To the extent that an answer is deemed necessary, this paragraph is denied.

2. The first sentence of this paragraph is Plaintiff's characterization of her claim and, as such, needs no response. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff makes the claim, but denies that the claim has merit. Defendant denies Plaintiff's assertion in the second sentence that the Board's Initial Decision was erroneous and refers the Court to the cited document for a full, fair and complete account of its contents.

3-6. These paragraphs constitute Plaintiff's characterizations of her claims and, as such, needs no response. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff makes the claims, but denies that the claims have merit.

## II. JURISDICTION AND VENUE

7-8. These paragraphs constitute Plaintiff's legal assertions of jurisdiction, conclusions of law rather than allegations of fact and, as such, they need no response. To the extent that an answer is deemed necessary, Defendant admits that

---

[1]    Defendant has included the headings listed in the Second Amended Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

Plaintiff makes the claims, but denies that proper jurisdiction over each of Plaintiff's claims are supported by the cited provisions of law. The Court is respectfully referred to the cited provisions for a full, fair and complete account of their contents.

9. This paragraph constitutes Plaintiff's legal assertions of venue, a conclusion of law rather than an allegation of fact and, as such, it needs no response. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff makes the claim, but denies that venue is proper for each of Plaintiff's claims. Defendant does admit that Defendant has a place of business located in the District of Columbia.

### III. DESCRIPTION OF THE PARTIES

10. Admitted.

11. Defendant admits that Margaret Spellings is the Secretary of Education, is sued in her official capacity only, and would, as head of the federal department, be the only appropriately named defendant if an employee had legitimate claims of discrimination in employment. Defendant, however, denies any implication that any of the actionable claims alleged by Plaintiff actually occurred; thus, Defendant has not been "appropriately named" as a defendant.

### IV. STATEMENT OF FACTS

12-13. Defendant is without sufficient knowledge to admit or deny the allegations in these paragraphs and therefore denies the allegations therein.

14. Defendant admits the allegations in the first and second sentences of this paragraph, except to aver that Plaintiff's employment at the Defendant agency commenced on or about June 26, 2005. With respect to the third sentence, Defendant admits that in addition to Plaintiff, there was (and is) a Group Leader, Marilyn Hall (white), also a grade 15 who supervises the Program Support Group. Defendant admits the allegations in the fourth sentence of this paragraph, except to aver that Ms. Hall's appointment to the Group Leader position was on or about June 26, 2005.

15. With respect to the first sentence, Defendant admits that new supervisors such as Plaintiff and Ms. Hall were required to complete a one-year probationary period, if they remained at the agency. With respect to the second sentence, Defendant admits that Plaintiff could not have properly received a within grade increase before June 26, 2006. With respect to the third sentence, Defendant admits that the appraisal period would have covered the one-year period preceding May 1, 2006, but denies any implication that Plaintiff would have been given an appraisal for any period before June 26, 2005. The fourth

sentence of this paragraph is a legal conclusion, rather than an allegation of fact and, as such, it needs no response. To the extent that an answer is deemed necessary, Defendant admits that Defendant's regulations provide for performance standards, but respectfully refers the Court to the applicable regulations and practices for a full, fair and complete account of the applicable provisions and avers that, as the Merit Systems Protection Board's final decision reveals, Plaintiff's claims are without merit.  With respect to the fifth sentence, Defendant admits that Plaintiff was given the EDPAS standards to sign on August 3, 2005.

16. The first and second sentences of this paragraph are legal conclusions, rather than allegations of fact, and, as such, they need no response. To the extent that an answer is deemed necessary, Defendant admits that Defendant's regulations provide for mid-point reviews, but respectfully refers the Court to the applicable regulations and practices for a full, fair and complete account of the applicable provisions. With respect to the third sentence, Defendant admits in late 2005 or early 2006, Plaintiff requested a mid-year evaluation but a formal evaluation was not immediately held. With respect to the fourth sentence, Defendant admits that Plaintiff's first-level supervisor, Ms. Schagh, initiated a "progress review" on or about March 24, 2006, and that the discussion placed Plaintiff

5

on notice of ongoing problems with her performance. With respect to the fifth sentence, Defendant admits that Ms. Schagh did hold a mid-year progress review with Plaintiff's colleague, Marilyn Hall.

17. Defendant denies the first sentence, except Defendant avers that Plaintiff required a significant degree of supervision. The remaining allegations in this paragraph are denied, except Defendant avers that there was a difference in opinion as to how much authority and oversight that Ms. Schagh, as Impact Aid Office Director, had over subordinate employees, such as Plaintiff and Hall and to aver that Plaintiff has attempted to undermine Ms. Schagh's supervisory oversight responsibilities of the Impact Aid Office, something which the other subordinate group leader (Marilyn Hall) has not done.

18. With respect to the first sentence, Defendant admits that Ms. Hall was on sick leave on numerous days between November 2005 and April 2006. With respect to the second sentence, Defendant admits that Ms. Schagh granted leave to Ms. Hall, as she would have done with any other eligible and competent subordinate employee who was undergoing the same or similar medical situation as Hall was, and avers that this was not done in contravention of Department of Education's regulations or policies that bar supervisors from working at home for extended periods, especially as a means of reasonable

accommodation for a disability, temporary in nature. With
respect to the third sentence, Defendant admits that Ms. Schagh
undertook some supervisory responsibilities over Ms. Hall's
staff while Ms. Hall was away. With respect to the remaining
allegations in this paragraph, Defendant admits that Plaintiff
advised that her father became ill during this period, but is
otherwise without sufficient knowledge to admit or deny the
allegations in this paragraph and therefore denies the
allegations therein.  Defendant denies any implication that Ms.
Schagh refused to approve leave for, or was otherwise inflexible
toward, Plaintiff when Plaintiff needed to tend to the needs of
her ill father; to the contrary, Ms. Schagh spent time doing
oversight work in Plaintiff's area due to those absences.

19. Defendant denies Plaintiff's characterization of the
discussions among Ms. Schagh and staff in this paragraph, but
admits that Ms. Schagh did interview some of Plaintiff's
subordinates in March 2006, but only after being approached by
some, whom she deemed and knew to be reliable, and in follow-up
to similar concerns about Plaintiff's inappropriate supervisory
style that were brought to Ms. Schagh's attention months earlier
by others. The third and fourth sentences are admitted. With
respect to the allegations in the fifth sentence, Defendant
admits that Ms. Schagh did not interview all of Plaintiff's
subordinates and that Peter Fuscass, a white male, was one

person whom Ms. Schagh did not specifically interview. The sixth sentence is admitted, except Defendant denies that Ms. Schagh did not receive feedback from Ms. Hall's subordinates.

20. Defendant admits the first sentence of this paragraph. The second sentence is denied, except to admit that Ms. Schagh did not issue any specific writing relaying Ms. Schagh's intentions regarding a Within Grade Increase, and that no formal mid-point appraisal of Plaintiff's work was undertaken. The third sentence in this paragraph is denied.

21. With respect to the first and second sentences of this paragraph, Defendant admits that Plaintiff submitted a list which she claimed contained her performance accomplishments, but denies any implication that it can be determined that Plaintiff's list of performance accomplishments adequately described her Leadership and Management abilities and skills. With respect to the third sentence of this paragraph, Defendant cannot understand the allegations and therefore denies them, except to admit that Plaintiff never earned a Within Grade Increase in her first year of employment as a supervisor. The fourth sentence is denied, except to admit that Plaintiff was not terminated during her probationary year as a supervisor.

22. With respect to the first and second sentences, Defendant admits that on July 6, 2006, Ms. Schagh gave Plaintiff a "Minimally Successful" rating covering the period of

Plaintiff's supervisory employment from June 26, 2005, through April 30, 2006, and that Plaintiff's interpersonal and supervisory problems formed part of the basis for the evaluation, but the Court is respectfully referred to the document for a full, fair and complete account of its contents. Defendant denies Plaintiff's characterization in the footnote in this paragraph and again respectfully refers the Court to the document for a full, fair and complete account of its contents. The fourth sentence (the first sentence following the footnote) is denied. The fifth and sixth sentences are admitted. The seventh sentence is denied, except to admit that Ms. Schagh and Ms. Lim did not specifically counsel Plaintiff on how she might seek reconsideration of the decision not to approve a Within Grade Increase for Plaintiff. The eighth sentence is admitted. The ninth sentence is denied, except to admit that Ms. Hall had been unable to perform all of her supervisory duties on a daily basis due to her serious illness; and Defendant denies any implication that Ms. Schagh treated Ms. Hall differently from Plaintiff in that Hall did perform successfully as a supervisor, despite being significantly and substantially medically ill, while this was not the situation with Plaintiff.

23. Admitted.

24. With respect to the first and second sentences, Defendant denies that a second "Minimally Successful" rating was

given to Plaintiff for the rating period covering July 7 to
November 7, 2006, but admits to issuing one, and only one, such
rating to Plaintiff for that specific rating period, and that
such a "Minimally Successful" rating was the second one of its
kind to be issued to Plaintiff regarding her continued under-
performance. Defendant admits that the rating form in question
did have the rating period (initially) designated as being from
"5/1/06 – 4/30/07" and that Schagh had annotated "7/7/2006 –
11/7/2006." Defendant denies that this was unclear as to why
this was done, and avers that it was made known to Plaintiff and
her staff that a delay in signing the new applicable performance
plan caused an adjustment as to the staring date of the
corresponding rating period, and that the need to have a viable
rating period of at least 120 days and to have a shortened
rating period, which allowed for the next rating period to more
coincide with the fiscal year cycle were the reasons for the
November ending date for that rating period. Defendant denies
that the "allegations" mentioned are false. Defendant avers that
Schagh had what she understood was sufficient, reliable evidence
to believe otherwise. So, to Schagh, as the Office Director, the
matters were not "false" in nature. Defendant avers that Schagh
did comply with applicable agency guidelines.

   25. Defendant admits that two "assistant to Group Leader"
positions were advertised in April and May 2007, but denies that

the remaining characterization of events accurately describes
what transpired. Defendant does, however, admit that Impact Aid
Director Catherine Schagh concurred and approved of Group Leader
Marilyn Hall's selection of an assistant, who was ranked first
by Hall. Defendant further admits that Office Director Schagh
did not concur with Plaintiff's assessment of the candidates
seeking to be her assistant. Defendant denies that the applicant
subsequently approved to be Plaintiff's assistant from the list
of qualified candidates was not qualified as Plaintiff has
alleged.

26. Defendant admits that on September 27, 2007, Defendant
advised Plaintiff that a Within Grade Increase was being
withheld based on her Minimally Successful performance, which
was reflected in the rating given to Plaintiff on January 16,
2007, for the rating period July 7, 2006, through November 7,
2006. Defendant admits that a request for reconsideration dated
October 22, 2007 was received from Plaintiff's attorney and that
Defendant is continuing to work on a determination decision in
response to this request, which followed Defendant granting a
September 28, 2007 request by Plaintiff's attorney for a delay
in presenting the request. Defendant avers that it did not
readily issue a response due to Employee Relations guidance and
support not being readily available over the winter and spring
months of the past year.

27. With respect to the first sentence in this paragraph, Defendant admits that Plaintiff was given a "Minimally Successful" performance rating for the rating period October 1, 2006 to September 30, 2007. With respect to the second sentence in this paragraph, Defendant admits that this October 26, 2007 rating was based on Plaintiff's "Minimally Successful" performance, which was accurately reflected in the rating.

28.  Defendant admits that Plaintiff was placed on a Performance Assistance Plan (PAP) on April 24, 2008.  Defendant further admits that the PAP identified performance deficiencies of Plaintiff and required her to take certain actions in response.  To the extent that Plaintiff suggests that the cited performance deficiencies were unsubstantiated, Defendant denies the allegation.

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. This paragraph constitutes Plaintiff's assertions regarding exhaustion, conclusions of law rather than allegations of fact, as such, they need no response. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff sought counseling on the three separate occasions; avers that the intervention of the 60-day probation period starting on March 24, 2006, caused a significant abeyance in Plaintiff pursuing her administrative remedies and that Defendant has never waived the defense of untimeliness as to matters that have

been abandoned by Plaintiff due to her untimeliness in pursuing those claims. Defendant denies that Plaintiff has fairly summarized the documents referred to in this paragraph and respectfully refers the Court to the cited documents for a full, fair, and complete account of their contents.

30. Defendant admits the first, second, third and fourth sentences in this paragraph (including footnote 3), but respectfully refers to the Court to the cited documents for a full, fair and complete account of their contents. The remaining allegations in this paragraph constitute Plaintiff's assertions regarding exhaustion and timeliness, conclusions of law rather than allegations of fact, as such, they need no response. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff filed the original complaint in this action on or about September 27, 2007, but denies that Plaintiff is timely in raising each of her claims.

31. Defendant admits that on October 11, 2007, Defendant issued a Final Agency Decision dismissing Plaintiff's formal complaint of discrimination and reprisal, which was filed with Defendant on April 27, 2007. The remaining allegations in this paragraph constitute Plaintiff's assertions regarding exhaustion and timeliness, conclusions of law rather than allegations of fact, as such, they need no response. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff

filed the amended complaint in this action on or about November 13, 2007, but denies that Plaintiff is timely in raising each of her claims.

32. Defendant admits the first and second sentences in this paragraph.  Defendant further admits that one hundred eighty days have elapsed since Plaintiff filed her formal administrative complaint.  The remaining allegations in this paragraph constitute Plaintiff's assertions regarding exhaustion and timeliness, conclusions of law rather than allegations of fact and, as such, they need no response.

33. This paragraph constitutes Plaintiff's assertions regarding exhaustion, conclusions of law rather than allegations of fact and, as such, they need no response.

VI. STATEMENT OF CLAIM

COUNT I   (The MSPB's Decision Is Not Supported By Substantial Evidence)

34.  Defendant hereby incorporates the responses set forth above to the specifically enumerated paragraphs of the Amended Complaint.

35.  Denied.

COUNT II (Race Discrimination)

36.  Defendant hereby incorporates the responses set forth above to the specifically enumerated paragraphs of the Amended Complaint.

14

37.  Denied.

COUNT III (Retaliation)

38. Defendant hereby incorporates the responses set forth above to the specifically enumerated paragraphs of the Amended Complaint.

39. Denied.

VII. PRAYER FOR RELIEF

The remaining allegations of the Amended Complaint constitute a prayer for relief and jury demand, which requires no response. To the extent that a response is deemed necessary, however, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary or punitive damages may not be awarded in this action, nor may Plaintiff be awarded compensatory damages under the each of the statutes relied upon by Plaintiff. Any relief would also be limited by 42 U.S.C. § 2000e-5(g)(2)(B). Defendant further denies that Plaintiff is entitled to a jury trial on all of her claims. Defendant denies each and every allegation contained in the Amended Complaint not specifically admitted herein.

Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court

grant such other and further relief as may be deemed

appropriate.

                              Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR, DC Bar #498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney


                              _____/s/_____
                              HARRY B. ROBACK, DC Bar # 485145
                              Assistant United States Attorney


Of Counsel:

Michael Anderson
Division of Business and Administrative Law
Office of the General Counsel
U.S. Department of Education
400 Maryland Avenue, SW
Washington, DC 20202-2110